UNITED STATES DISTRICT COURT
DISTRICT OF CONNECTICUT

JAMES BAKER,
    *Plaintiff*,

v.                                                            No. 3:16-cv-01066 (JAM)

KIMBERLY WEIR, *et al.*,
    *Defendants*.

**ORDER DISMISSING COMPLAINT WITHOUT
PREJUDICE PURSUANT TO 28 U.S.C. § 1915A**

Plaintiff James Baker is currently confined at the Osborn Correctional Institution in Somers, Connecticut. He brings this *pro se* § 1983 action against several defendants, alleging that they have denied him his constitutional right of access to the courts. For the reasons set forth below, I will dismiss the complaint pursuant to 28 U.S.C. § 1915A without prejudice to plaintiff's right to file an amended complaint within 30 days if he is able to plead facts that give rise to plausible grounds for relief.

**BACKGROUND**

Plaintiff has filed this lawsuit against four defendants: Warden Kimberly Weir, Deputy Warden Paul Ouellette, Property Officer "John Doe" Delbcuby, and A&D Officer "John Doe" Orcutt. The following facts are alleged in the complaint and accepted as true only for purposes of this initial ruling.

On December 7, 2015, plaintiff was transferred to Carl Robinson Correctional Institution. Upon plaintiff's arrival at Carl Robinson, Delbcuby confiscated plaintiff's five Connecticut Appellate Court legal books. Plaintiff wrote to Weir about confiscation of his legal books. In response, Weir indicated that the books would be stored in the property room, and she also launched an investigation into how plaintiff obtained the books. Plaintiff was told that the books were too heavy to keep in his unit. On February 22, 2016, all four defendants made arrangements

for plaintiff to review the legal books in the property room for one hour every Monday, Wednesday, and Friday.

Plaintiff tried this arrangement but was not satisfied. On March 6, 2016, plaintiff wrote to Weir to ask whether he could have the legal books in his unit so that he could do his legal work in his unit and on his own time. In the letter, plaintiff pointed to an administrative directive that permits each inmate to store property in his or her housing unit if it occupies less than 6 cubic feet of space. *See* Administrative Directive 6.10(18), *available at* http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0610.pdf. Plaintiff also noted in his letter that other inmates have been permitted to keep heavy books in their housing units.

On March 9, 2016, Weir responded with a letter informing plaintiff that the current arrangement would be maintained because it was a safety concern for him to possess all five books in his cell. *See* Administrative Directive 6.10(20), *available at* http://www.ct.gov/doc/LIB/doc/PDF/AD/ad0610.pdf ("books . . . may be limited . . . based upon potential fire, sanitation, security and housekeeping hazards presented by an excess of such materials"). Plaintiff requested clarification on exactly what safety hazard the books posed, but Weir declined to be more specific.

Plaintiff alleges that the confiscated books are "crucial" to several legal matters, including "a pending case that I have in court, . . . a pro se matter in the habeas court, . . . [a] challenge [to] my conditions of confinement, and a motion to correct an illegal sentence." Doc. #1 at 9–10. He also alleges that defendants' actions hindered his ability to pursue several legal actions and, more specifically, left him "unable to even respond to a motion." Doc. #1 at 10–11. Plaintiff filed the instant suit on June 15, 2016.

2

## DISCUSSION

Pursuant to 28 U.S.C. § 1915A(b), the Court must review prisoner civil complaints against governmental actors and "dismiss . . . any portion of [a] complaint [that] is frivolous, malicious, or fails to state a claim upon which relief may be granted," or that "seeks monetary relief from a defendant who is immune from such relief." *Id.* Moreover, the allegations of a *pro se* plaintiff's complaint must be read liberally to raise the strongest arguments that they suggest. *See Tracy v. Freshwater*, 623 F.3d 90, 101–02 (2d Cir. 2010) (discussing special rules of solicitude for *pro se* litigants).

In recent years, the Supreme Court has set forth a threshold "plausibility" pleading standard for courts to evaluate the adequacy of federal court complaints. A complaint must allege enough facts—as distinct from legal conclusions—that give rise to plausible grounds for relief. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009); *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). Even a *pro se* complaint may not survive dismissal if its factual allegations do not meet the basic plausibility standard. *See, e.g.*, *Fowlkes v. Ironworkers Local 40*, 790 F.3d 378, 387 (2d Cir. 2015).

Although the complaint does not explicitly label its legal claim for relief, I interpret it to allege a violation by defendants of plaintiff's right of access to the courts. The Supreme Court has long recognized a constitutional right of access to the courts, notwithstanding that the right's precise source in the Constitution remains uncertain. *See Christopher v. Harbury*, 536 U.S. 403, 415 n.12 (2002); *see also Blake v. Dowe*, 36 F. Supp. 3d 271, 276–77 (D. Conn. 2014).

Whatever its pedigree, a right of access to the courts correlatively means a right to be free from obstruction of this right by the government. And so the Second Circuit has recognized that "[t]he constitutional right of access [to the courts] is violated where government officials

obstruct legitimate efforts to seek judicial redress." *Whalen v. County of Fulton*, 126 F.3d 400, 406 (2d Cir. 1997). Prisoners have a constitutional right of access to the courts that may not be unreasonably obstructed by the actions of prison officials. *See Washington v. James*, 782 F.2d 1134, 1138 (2d Cir. 1986).

To state a claim for denial of access to the courts, a plaintiff must demonstrate that he suffered an actual injury, *see Lewis v. Casey*, 518 U.S. 343, 353 (1996)—that is, he must allege that "defendant's conduct deprived him of an opportunity to press some nonfrivolous, arguable cause of action in court." *Brown v. Choinski*, 2011 WL 1106232, at *5 (D. Conn. 2011). What this means is that "the underlying cause of action, whether anticipated or lost, is an element that must be described in the complaint, just as much as allegations must describe the official acts frustrating the litigation," and "the underlying cause of action and its lost remedy must be addressed by allegations in the complaint sufficient to give fair notice to a defendant." *Christopher*, 536 U.S. at 415, 416.

A plaintiff must describe "the predicate claim . . . well enough to apply the 'nonfrivolous' test and to show that the 'arguable' nature of the underlying claim is more than hope." *Id.* at 416. In this manner, "the complaint should state the underlying claim in accordance with Federal Rule of Civil Procedure 8(a), just as if it were being independently pursued, and a like plain statement should describe any remedy available under the access claim and presently unique to it." *Id.* at 417–18 (footnote omitted).

Here, for at least three reasons, the complaint falls well short of plausibly alleging a claim. First, the complaint does not describe by name or with any precision any past or present legal claim or defense that has been thwarted by any of the defendants' actions. Second, the complaint does not establish that any such actions are or were arguably meritorious and not

frivolous. Third, the complaint does not show why these particular five legal books are of consequence to any particular court actions. If these books are merely five volumes among the hundreds of reported case volumes of the Connecticut Appellate Court, then it is far from clear and plausible why plaintiff's unlimited access in his cell to these particular volumes is or was indispensable to plaintiff's ability to maintain any court action.

For all these reasons, the complaint does not adequately allege a cognizable claim for a violation of plaintiff's right of access to the courts. *See, e.g.*, *Abreu v. Travers*, 2016 WL 6127510, at *11 (N.D.N.Y. 2016) (dismissing prisoner complaint for similar reasons, because "simply stated, plaintiff fails to allege any facts to plausibly suggest that a non-frivolous claim was actually hindered or prejudiced because of the alleged denial of access to legal materials"). Accordingly, the Court will dismiss plaintiff's action without prejudice to his right to file an amended complaint within 30 days that includes sufficient facts to give rise to plausible grounds for relief.

## CONCLUSION

The complaint is DISMISSED for the reasons stated in this ruling. The Clerk of Court shall close this case. If plaintiff believes in good faith that he is able to allege specific facts that satisfy the requirements set forth in this ruling, then plaintiff may file within 30 days, by January 27, 2017, a motion to reopen this case along with a copy of an amended complaint.

It is so ordered.

Dated at New Haven, Connecticut this 27th day of December 2016.

/s/ *Jeffrey Alker Meyer*
Jeffrey Alker Meyer
United States District Judge

5